NOT FOR PUBLICATION                                              (Doc. No. 87)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                              :
GENO A. LOCASCIO,                             :
                                              :
          Plaintiff,                          :
                                              :          Civil No. 07-4834 (RBK/AMD)
     v.                                       :
                                              :               **OPINION**
KARREN BALICKI, et al.,                       :
                                              :
          Defendants.                         :
_____           :


**KUGLER**, United States District Judge:

          Plaintiff is a prisoner currently incarcerated at Northern State Prison in Newark, New

Jersey.  He asserts various claims under 28 U.S.C. § 1983 for alleged violations of his

constitutional rights during his incarceration.  This matter comes before the Court pursuant to

Plaintiff's motion under Rule 72(a) objecting to a nondispositive Order entered by Magistrate

Judge Donio on April 30, 2010 (Doc. No. 80).  Specifically, Plaintiff appeals Judge Donio's

rulings:  (1) denying Plaintiff's request for court-appointed expert witnesses; and (2) denying

Plaintiff's motion to compel discovery.[1]  For the reasons discussed below, the Court affirms

Judge Donio's rulings.

_____

[1] Plaintiff asserts that he is also appealing a ruling by Judge Donio declining to appoint pro bono counsel.  However, Judge Donio last ruled on Plaintiff's request for appointment of counsel on July 29, 2009.  A party must make a motion challenging a nondispositive ruling by a magistrate judge within fourteen days.  See Fed. R. Civ. P. 73(a).  Although Judge Donio granted Plaintiff an extension of time to appeal her April 30, 2010 rulings regarding expert witnesses and outstanding discovery (Doc. No. 85), she did not grant such an extension regarding her July 29, 2009 ruling denying Plaintiff's request for appointment of counsel.  Thus, Plaintiff's appeal regarding appointment of pro bono counsel is untimely because it was filed almost a year after Judge Donio's July 29, 2009 Order.  The Court therefore addresses only the two issues noted above.

## I.     BACKGROUND

Plaintiff claims that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment because Defendants were deliberately indifferent to his conditions of confinement.  Specifically, Plaintiff claims that Defendants ignored his complaints regarding the prison's alleged denial and destruction of his incoming mail, racial discrimination, threats of bodily harm, and deprivation of religious, educational, and legal literature.  Plaintiff also alleges that certain correction officers assaulted and otherwise harassed him.  Plaintiff represents himself in this matter, and the Court previously granted his application to proceed in forma pauperis.

As relevant to this motion, Plaintiff claims that he served defense counsel with interrogatories and document requests on June 6, 2008.  Sometime after March 2009, Defendants produced approximately 2,000 pages of documents and raised various objections to Plaintiff's requests.  Plaintiff asserts that Defendants' discovery responses were improper because:  (1) Defendants waived their right to object to Plaintiff's requests because they did not timely respond; (2) Defendants improperly asserted the attorney work-product doctrine and attorney-client privilege; and (3) Defendants failed to identify by Bates number documents responsive to each request.  Defendants did not file formal opposition to Plaintiff's motion, but submitted a letter stating that they provided all responsive discovery.  On April 30, 2010, Judge Donio denied Plaintiff's motion because Plaintiff did not comply with Rule 37, which requires that a party submit an affidavit describing his good faith efforts to resolve any discovery disputes before seeking the Court's intervention.

Regarding Plaintiff's motion for court-appointed experts, Plaintiff argues that medical and psychiatric experts are "essential" to his claims.  He asserts that the requested experts will review his medical and psychiatric history and report their findings.  He claims that this

testimony is necessary to prove the extent of his psychological damages.  He asks the Court to appoint experts pursuant to Federal Rule of Evidence 706.  Judge Donio denied Plaintiff's request because:  (1) it was not clear that Plaintiff's claims required expert testimony at this stage in the litigation; and (2) Rule 706 "allows only for appointment of an expert to aid the Court, and not for the purpose of aiding an indigent litigant."  (Order dated April 30, 2010, Doc. No. 80, at 5 (quoting Kerwin v. Varner, No. 03-2253, 2006 U.S. Dist. LEXIS 90691, at *2 (M.D. Pa. Dec. 15, 2006)).

On July 16, 2010, Judge Donio granted Plaintiff an extension of time to file objections to her April 30, 2010 rulings.  Plaintiff timely made the instant motion objecting to Judge Donio's rulings.  Plaintiff argues that Judge Donio's ruling regarding his motion to compel discovery was in error because Plaintiff sent Defendants various letters complaining about their deficient discovery before moving to compel.  Plaintiff argues that those letters satisfy Rule 37's certification requirement.

Plaintiff makes three arguments regarding Judge Donio's refusal to appoint experts. First, Plaintiff argues that Judge Donio failed to apply the law with the leniency required when a plaintiff represents himself.  Second, Plaintiff argues that expert testimony is necessary in this case to prove his damages.  He claims that he suffers from post traumatic stress disorder as a result of Defendants' misconduct and that expert testimony is necessary to prove this claim. Third, Plaintiff claims that Judge Donio improperly found that Plaintiff's request for an expert was premature because operative scheduling orders require Plaintiff to identify his expert for purposes of trial.

## II.      LEGAL STANDARD

A district court will overturn a magistrate judge's nondispositive ruling only if it is
"clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(a)(1)(A).  Rulings
on discovery motions are considered nondispositive matters subject to the clearly erroneous
standard of review.  See Jackson v. Chubb Corp., 45 Fed. App'x. 163, 166 n.7 (3d Cir. 2002).  A
magistrate judge's rulings regarding expert discovery are nondispositive matters subject to the
clearly erroneous standard of review.  See Nat'l Grp. Comm. v. Lucent Tech., 331 F. Supp. 2d
290, 292 (D.N.J. 2004) (ordering expert report regarding complex issue); Inter-City Tire & Auto
Ctr. v. Uniroyal, Inc., 701 F. Supp. 1120, 1122 (D.N.J. 1988).

A magistrate judge's factual conclusion is "clearly erroneous" when, "although there is
evidence to support it, the reviewing Court . . . is left with a definite and firm conviction that a
mistake has been committed."  United States v. United States Gypsum Co., 333 U.S. 364, 395
(1948); S. Seas Catamaran, Inc. v. Motor Vessel Leeway, 120 F.R.D. 17, 21 (D.N.J. 1988), aff'd,
993 F.2d 878 (3d Cir. 1993).  The party filing the appeal has the burden of demonstrating that the
magistrate judge's decision was clearly erroneous.  Exxon Corp. v. Halcon Shipping Co., 156
F.R.D. 589, 591 (D.N.J. 1994).  Unless that burden is met, the magistrate judge's findings should
not be rejected even if the district court could have decided the matter differently.  See Andrews
v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 68 (D.N.J. 2000) (a district court's "simple
disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous
standard of review"); Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994).  Moreover,
there is particularly broad deference given to a magistrate judge's discovery rulings, especially
when the magistrate judge has managed the case from the outset and developed a thorough
knowledge of the proceedings.  See Engers v. AT&T Corp., No. 98-3660, 2006 U.S. Dist.

LEXIS 23028, at *1-2 (D.N.J. Apr. 17, 2006) (citing Lithuanian Commerce Corp., Ltd v. Sara Lee Hosiery, 177 F.R.D. 205, 214 (D.N.J. 1997)) (citations omitted); Sisters of St. Dominic of Caldwell v. Allied Irish Bank, P.L.C., No. 03-3078, 2005 U.S. Dist. LEXIS 17032, at *1 (D.N.J. Aug. 10, 2005).

Nevertheless, a district court reviews de novo a magistrate judge's legal conclusions on a nondispositive motion.  See Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3d Cir. 1992).   A ruling is "contrary to law" when the magistrate judge has "misinterpreted or misapplied the applicable law."  Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 548 (D.N.J. 2006) (citing Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000)).

### III.   DISCUSSION

#### A.  Plaintiff's Motion to Compel Discovery

Rule 36 permits a party to "move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  A motion to compel under Rule 36 is appropriate if a party fails to provide responses to interrogatories or fails to produce requested documents.  Fed. R. Civ. P. 37(a)(3)(B). A motion to compel discovery must include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery."  Fed. R. Civ. P. 37(a)(1); see also L. Civ. R. 37.1(b) ("discovery motions must be accompanied by an affidavit certifying that the moving party has conferred with the opposing party in a good faith effort to resolve by agreement the issues raised by the motion").  If a party does not comply with this requirement, the court may dismiss the discovery motion.  Huertas v. City of Camden, No. 06-4676, 2008 U.S. Dist. LEXIS 90219, at *18-19 (D.N.J. Nov. 6, 2008) (discovery motion denied because party did not make good faith effort to resolve dispute).

Simply sending a letter to opposing counsel complaining about outstanding discovery does not satisfy Rule 37's good faith requirement.  See FDIC v. Modular Homes, 859 F. Supp. 117, 125 (D.N.J. 1994) (holding that letter "complaining that [the other side] failed to cooperate with discovery" does not constitute a "conference between the parties").

Judge Donio found that Plaintiff did not comply with Rule 37's good faith requirement because he did not submit a certification detailing the parties' efforts to resolve the discovery dispute.  In response to Judge Donio's ruling, Plaintiff submits letters that he purportedly sent to Defendants' counsel complaining about discovery deficiencies.  He claims that those letters satisfy Rule 37's good faith requirement.  However, deficiency letters are not sufficient.  See Modular Homes, 859, F. Supp. at 125 (simply sending a deficiency letter to opposing counsel does not satisfy the good faith requirement).  Thus, Judge Donio's ruling was not in error. Plaintiff did not comply with the Rules, and Judge Donio's ruling is entitled to appropriate deference.[2]  See Lithuanian Commerce Corp., Ltd, 177 F.R.D. at 214 (holding that magistrate judge's discovery rulings are entitled to deference).

### B.  Motion to Appoint Expert Witnesses

Judge Donio denied Plaintiff's request under Federal Rule of Evidence 706 for court-appointed experts.  Rule 706 provides that "[t]he court may . . . enter an order to show cause why expert witnesses should not be appointed."  Fed. R. Evid. 706(a).  Although the Court has broad discretion to appoint an independent expert under Rule 706, see Ford v. Mercer Ctny. Corr. Ctr., 171 Fed. App'x. 416, 420 (3d. Cir. 2006), the purpose of Rule 706 is to appoint independent experts that will aid the Court.  See Brown v. James, No. 03-0631, 2008 U.S. Dist. LEXIS 17665, at *5 (M.D. Pa. Mar. 6, 2008).  "Rule 706 . . . allows only for the appointment of an

---

[2] It should be noted that Judge Donio denied Plaintiff's motion without prejudice.  If Plaintiff believes that Defendants have not complied with their discovery obligations, he may make an appropriate motion before Judge Donio if he complies with Rule 37's good faith requirement.

expert to aid the Court, and not for the purpose of aiding an indigent litigant, incarcerated or not."  Kerwin v. Varner, No. 03-3352, 2006 U.S. Dist. LEXIS 90691, at *7 (M.D. Pa. Dec. 15, 2006).

"The policy behind the rule is to promote the jury's factfinding ability."  Ford, 171 Fed. App'x. at 420.  "'The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance.'"  Id. (quoting 29 Charles Allen Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6304 (1997)).  Thus, "[a] trial judge does not abuse his discretion in declining to appoint an independent expert" if it determines that the expert is "solely to benefit a party who has otherwise failed to gather such evidence as would suffice to" prove his claims.  Id.

In this case, Judge Donio determined that it was not necessary to appoint an expert to aid the Court regarding any complex issues.  Although Plaintiff claims that an expert is "essential" to his case, Judge Donio declined to appoint an expert because Rule 706 is not intended to ensure that indigent plaintiffs have access to expert witnesses in order to make their case.

Judge Donio's ruling was not in error.  Plaintiff does not present any evidence that an expert is necessary for the Court's benefit at this stage in the litigation.  Rather, Plaintiff argues that an expert is essential for him to make his case.  As Judge Donio properly noted, this is not the purpose of the Court's appointment powers under Rule 706.  The Court can appoint an expert at trial under Rule 706 if necessary to evaluate the extent of Plaintiff's alleged psychological injuries.  However, there was no basis for Judge Donio to appoint an expert under Rule 706 at

the time of Plaintiff's motion.  Judge Donio's ruling was not clearly erroneous or contrary to law.[3]

**IV.     CONCLUSION**

For the reasons discussed above, the Court denies Plaintiff's motion objecting to Judge Donio's April 30, 2010 Order.  An appropriate Order shall enter.

Dated: 12/23/10                                             /s/ Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge

---

[3] Again, the Court notes that Judge Donio did not deny Plaintiff's motion with prejudice.  Plaintiff may make a nonfrivolous motion for appointment of expert witnesses as provided by the Rules.